IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:22-cr-17 |
| v. | ) |
| | ) |
| UPENDRA ADURU, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

Pending before the Court are two motions *in limine* which have been filed by the United States in this criminal proceeding. The Defendant, Upendra Aduru, is charged with one count of inducing a minor to engage in illegal sexual activity, in violation of 18 U.S.C. 2422(b). Trial is scheduled to commence on January 9, 2024.

### I.   Standard of Review

A motion *in limine* allows the court to rule in advance of trial on the relevance and admissibility of certain evidence so as to narrow the evidentiary issues and eliminate unnecessary trial interruptions. *See Bradley v. Pittsburgh Bd. Of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990); *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). Evidence should be excluded on a motion *in limine* only when it is clearly inadmissible on all potential grounds. *Tartaglione*, 228 F. Supp. 3d at 406 (citing *Leonard v. Stemtech Health Sciences, Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013)). The trial court may reserve judgment on a motion *in limine* until trial "so as to place the motion in the appropriate factual context." *Tartaglione*, 228 F. Supp. 3d at 406 (citing *Diehl v. Blaw–Knox*, No. 01-0770, 2002 WL 34371510, at *1 (M.D.

Pa. July 15, 2002)). A trial court's ruling on a motion *in limine* is also "subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer." *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

## II. Discussion

(i)

The Government's first motion seeks to preclude Aduru from arguing or suggesting that he was entrapped by law enforcement. ECF No. 72. The prosecution alleges that, on September 20, 2022, Aduru began chatting via an online social media communication platform with an undercover FBI agent who was posing as a 13-year-old girl. A series of electronic communications ensued during which Aduru repeatedly expressed his desire to engage in sexual activity with the undercover agent and sent several images of adults engaging in sex acts. Eventually, Aduru and the undercover agent arranged a meet-up. When Aduru arrived at the designated destination, he was arrested.

The Government initially sought a pretrial ruling that Aduru cannot make a *prima facie* showing of entrapment as a matter of law and should therefore be precluded from making any such defense, argument, or suggestion—express or implied—that he was entrapped by law enforcement. At the pretrial conference, however, the Government modified its position somewhat and argued that the Court should preclude any reference to entrapment in opening arguments but could postpone its decision on whether to instruct the jury on entrapment pending its assessment of the evidence presented at trial.

Entrapment involves two elements of proof: (1) inducement by the government to commit the crime in question, and (2) the defendant's lack of predisposition to commit the crime. *United States v. Dennis*, 826 F.3d 683, 690 (3d Cir. 2016). While the government has the

2

ultimate burden of disproving entrapment beyond a reasonable doubt, the defense has an initial burden of production with respect to both elements. *Id.* Thus, to require the government to disprove the defense and to require an instruction on entrapment, "a defendant must produce sufficient evidence of inducement on the part of the government and a lack of predisposition on his own part." *United States v. Lakhani*, 480 F.3d 171, 179 n.10 (3d Cir. 2007) (citations omitted). See also United States v. McLean, 702 F. App'x 81, 85 (3d Cir. 2017).

Defense counsel has represented that he has no intention of referencing an entrapment defense in his opening statement, although he *does* intend to explore that defense through cross-examination of the Government's witnesses. Given this representation, the Government's motion is moot insofar as it seeks to preclude Aduru's counsel from discussing entrapment in his opening argument.

To the extent the Government seeks to take the issue of entrapment away from the jury entirely, that is a decision best made on the basis of a more developed trial record, including cross-examination of any relevant Government witnesses. Therefore, the Court will deny the Government's request for a definitive pretrial ruling on the matter. Instead, the Court will revisit the entrapment defense, as warranted, after Aduru has had an opportunity to meet his initial burden of production on the entrapment elements at trial.

(ii)

The Government has also filed a motion in limine seeking to preclude Aduru from introducing (a) his own recorded statements to investigators following his arrest, and (b) the lack of any child sexual abuse material on his phone. ECF No. 73. The first part of this motion will be denied as moot, as defense counsel has foresworn any intent to introduce portions of his recorded statements.

The second aspect of the motion requires more discussion. The Government contends that the lack of child sexual abuse material on Aduru's phone is not relevant to any element of its case. Aduru argues that the lack of such evidence is relevant to his state of mind because it tends to show that he lacked any predisposition to induce a minor to engage in illegal sexual activity.

Pursuant to Federal Rule of Evidence 402, relevant evidence is generally admissible, and irrelevant evidence is generally inadmissible. Evidence is considered relevant if: (a) "it has any tendency to make a fact more or less probable than it would be without the evidence" and (b) "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Based on the current state of the record, the fact that Aduru did not possess child sexual abuse material on his phone is not relevant to any material fact at issue in the case. Aduru does not dispute the Government's position that it need not prove his sexual interest in children as part of its case in chief. Nor is the absence of child pornography relevant to Aduru's entrapment argument. To demonstrate relevancy on the issue of predisposition, Aduru would have to first establish, as a foundational matter, that an individual's non-possession of child pornography somehow correlates to their non-predisposition to commit the crime at issue. But that connection is not self-evident in this Court's view, and no party appears intent on offering expert testimony on the matter. Furthermore, the Government has foresworn any intention of introducing evidence it supposedly uncovered that Aduru had solicited sex from other adults (and even offered to pay for sex); therefore, Aduru has no need to "counterbalance" such evidence by disclosing to the jury that no child sex abuse material was discovered on his phone. For these reasons, the Court finds that the absence of child pornography is irrelevant to the material issues in this case. *Cf. Luna v. Sec'y, Dept. of Corrs.*, Case No. 8:20-cv-415, 2023 WL 2456510, *6 (M.D. Fla. Mar. 10, 2023) (finding no due process violation in a §2254 case where trial court had

4

excluded expert testimony concerning the lack of child pornography on defendant's computer and phones; also noting that the trial court had excluded such evidence because: "(1) there was no indication that the expert 'would be able to testify as an expert witness on one's predisposition to commit a capital sexual battery based upon a lack of child pornography found on a computer and cellphones'; and (2) 'not possessing child pornography [does not] show[ ] a lack of predisposition to commit a capital sexual battery on an 11 year old.'"); *State v. Kinley*, No. 79179-6-1, 2020 WL 4462651, at *7 (Wash. Ct. App. Aug. 3, 2020) (trial court did not abuse its discretion is excluding from evidence the lack of child pornography on the defendant's phone as a means of showing that he was not interest in sexual relationships with children; appellate court rejected defendant's argument that "the absence of child pornography on his phone is relevant to show his lack of lustful disposition towards children").

      Alternatively, the Court finds that the evidence in question is excludable under Federal Rule of Evidence 403.  That rule permits the court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  To the extent the absence of child pornography on Aduru's phone helps to establish his lack of any predisposition to commit the crime at issue, if the evidence is relevant at all, it is only marginally relevant and that relevance is substantially outweighed by the potential confusion that would result to the jury from its admission.  Fed. R. Evid. 403.

### III.  Conclusion

Based on the foregoing reasons, the Government's motion *in limine* at ECF No. [72] will be denied as moot insofar as it seeks to preclude Aduru from mentioning the entrapment defense in his opening statement to the jury.  To the extent the Government seeks to preclude a jury instruction on entrapment or entirely foreclose that defense as a matter of law, the Government's motion will be denied without prejudice.

The Government's motion at ECF No. [73] will be denied as moot insofar as it seeks to preclude Aduru from introducing his own recorded statements into evidence.  The motion will be granted insofar as the Government seeks to preclude evidence that no child sexual abuse material was recovered from Aduru's phone.

An appropriate order follows.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge